IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONYA M. PARKER, ) <br> an individual, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KIMBERLY-CLARK CORPORATION, a ) <br> Delaware corporation, ) <br> ) <br>     Defendant. ) | Case No. 1:11-cv-05658 <br><br> Judge Virginia M. Kendall |

**DEFENDANT KIMBERLY-CLARK CORP'S MEMORANDUM
IN SUPPORT OF ITS RULE 12(B)(6) MOTION TO DISMISS**

Plaintiff Tonya Parker alleges that Defendant Kimberly-Clark Corporation ("Kimberly-Clark") infringes U.S. Patent Number D589,611 ("the '611 Patent") (*Exhibit A*). The design claimed in the '611 Patent and the design of the accused Poise® Hourglass™ Pads are, as a matter of law, plainly dissimilar. Accordingly, this case should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a plausible claim upon which relief can be granted.

## I.     BACKGROUND

### A.     Plaintiff Seeks To Reap A Financial Windfall

Plaintiff Tonya Parker approached Kimberly-Clark on several occasions attempting to convince Kimberly-Clark to pay for a license to manufacture and sell her particular sanitary napkin design. *Compl.*, ¶ 8. Ms. Parker's design was inconsistent with Kimberly-Clark's business plans and when Kimberly-Clark declined to pursue her design, she initiated this action, alleging that the design of Kimberly-Clark's Poise® Hourglass™ Pad infringes her '611 Patent. *Id.* at ¶ 9. As discussed below, Kimberly-Clark should not be forced to undergo expensive discovery to defend against implausible claims of design patent infringement asserted by an independent inventor seeking a financial windfall.

### B.     United States Design Patent Number D589,611

Only one claim is permitted in a design patent, and that claim is to the ornamental design of the specified article "as shown." *See, e.g., Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995). The Federal Circuit has recognized "that design patents 'typically are claimed as shown in drawings,' and that claim construction 'is adapted accordingly.'" *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008) (en banc) (citing *Arminak & Assocs., Inc. v. Saint-Gobain Calmar, Inc.*, 501 F.3d 1314, 1319 (Fed. Cir. 2007)). Although the preferable course is for a district court not to attempt to construe a design patent claim, the Federal Circuit has also emphasized that there are a number of claim scope issues on which a court's infringement determination is useful. *See, e.g., id.* at 679-80. For example, "[w]here a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent." *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997); *see also*

*Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1294 (Fed. Cir. 2010) ("scope is limited to [ornamental] aspects alone and does not extend to any functional elements.").

Figure 1 of the '611 Patent discloses the "Top right perspective view of the design":



Fig. 1

*Exhibit A.*[1]

As plainly shown in Figure 1, the patented design encompasses a bowtie or double-concave lens configuration with opposing flat end portions and sharply angled corners. *Id.* The patented design also discloses an inner portion containing small dots on top of a larger portion having the same bowtie or double-concave lens configuration. *Id.*

Figure 2 of the '611 Patent discloses "a Bottom right perspective view" of the design:



Fig. 2

*Id.*

---

[1] Although Plaintiff failed to attach the '611 Patent or photographs of the accused Poise® Hourglass™ Pad to the Complaint, it is indisputable that the '611 Patent and the accused Poise® Hourglass™ Pad are referred to in the Complaint and are central to Plaintiff's claim. Thus, the Court may consider this information without converting this motion to dismiss into a motion for summary judgment. *See, e.g., Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (letters attached to motion to dismiss complaint constitute part of complaint if referred to in complaint and central to plaintiff's claim for relief and may be considered when ruling on motion to dismiss).

3

As plainly disclosed in Figure 2, the "Sanitary Napkin" includes an I-shaped design on the "Bottom" side. *Id.* This I-shaped design is described in the '611 Patent as "showing adhesive strips." *Id.* The particular configuration of the adhesive strips, in this case an "I" shape with tapered ends, is ornamental and thus is included in the design claimed in the '611 Patent. *See, e.g., Contessa Food Prods, Inc v. Conagra, Inc.*, 282 F.3d 1370, 1378 (Fed. Cir. 2002) ("the patentee is permitted to show the features in broken lines to exclude those features from the claimed design, and the failure to do so signals inclusion of the features in the claimed design."); *see also Elmer*, 67 F.3d at 1577.

Finally, Figure 3 of the '611 Patent discloses the "Side view" of the ornamental design:

Fig. 3

*Id.*

As disclosed in Figure 3, the patented design is substantially flat and planar. The inner portion containing the "dots" rests on top of the larger portion. *Id.*

### C. The Accused Poise® Hourglass™ Pad Product

Plaintiff asserts that the Poise® Hourglass™ Pad infringes the '611 Patent.[2] *Compl.,* ¶ 11. The overall design of the accused Poise® Hourglass™ Pad contains substantially rounded bulbous features, including a rounded fan-shaped top end and a bottom end shaped like the top of a heart:

---

[2] As a courtesy to the Court, a physical sample of the accused Poise® Hourglass™ Pad will be provided to the Court and to Plaintiff's counsel.

4



*Exhibit B*[3]

One side of the Poise® Hourglass™ Pad (shown above in Exhibit B) has an inner area essentially shaped like an asymmetric dog bone with a teardrop ornamental design at the top as well as two opposing ornamental arcs in the middle area. *Ex. B*. This side of the Poise® Hourglass™ Pad also has an outer portion with a paisley print in varying shades of purple and two opposing leak shields. *Id.*

The other side of the Poise® Hourglass™ Pad, shown in Exhibit C below, has a removable multi-color purple paisley print strip. As illustrated in Exhibit D, under the rectangular removable strip are six longitudinal parallel adhesive strips:

 

*Exhibit C*                                                       *Exhibit D*

---

[3] Exhibits B and E are images of the accused Poise® Hourglass™ Pad that were obtained from the packaging of the accused product. Exhibit C is an actual photograph of the accused product and Exhibit D is an illustration of one side of the Poise® Hourglass™ Pad accurately depicting the adhesive strips present in the accused product. As noted above, a physical sample of the Poise® Hourglass™ Pad was provided both to the Court and to Plaintiff's counsel.

Finally, as illustrated in Exhibit E below, the overall design of the accused Poise® Hourglass™ Pad is substantially supple:



*Exhibit E*

## II.     PLAINTIFF FAILS TO ASSERT A PLAUSIBLE CLAIM FOR DESIGN PATENT INFRINGEMENT

### A.     Applicable Standard For Dismissal For Failure To State A Claim

To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 127 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Furthermore, as recognized by the Seventh Circuit, "*Twombly* teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." *Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599,

6

603 (7th Cir. 2009) (citation omitted). As set forth below, Plaintiff does not state a plausible claim for design patent infringement and the Court should draw on its substantial judicial experience in this area and dismiss the Complaint.[4] Common sense likewise dictates that Defendant cannot be found liable for the alleged patent infringement and should not be forced to undergo costly discovery to defend against baseless allegations.

### B. Requirements For Establishing Design Patent Infringement

As explained in *Egyptian Goddess*, the Federal Circuit abandoned the point of novelty test for design patent infringement and held that the ordinary observer test should serve as the sole test for infringement. *See Egyptian Goddess*, 543 F.3d at 679; *see also Richardson*, 598 F.3d at 1293. This Court recently clarified that "the inquiry that governs analysis of design patent infringement is 'whether an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design was the same as the patented design.'" *Competitive Edge, Inc. v. Staples, Inc.*, 763 F.Supp.2d 997, 1011 (N.D. Ill. 2010) (citing *Egyptian Goddess*, 543 F.3d at 672). "Infringement will not be found unless the accused article embodies the patented design or any colorable imitation thereof." *Egyptian Goddess*, 543 F.3d at 678 (internal quotations omitted).

### C. It Is Clear That The Poise® Hourglass™ Pad Design And The Design Disclosed In The '611 Patent Are Not Substantially The Same To The Ordinary Observer

If the patented design is sufficiently distinct from the accused design, this dissimilarity alone suffices to show that the patentee cannot prove that "the two designs would appear

---

[4] The Federal Circuit has affirmed the appropriateness of district courts dismissing design patent infringement claims under Rule 12(b)(6). *See Vigil v. Walt Disney Co.*, 232 F.3d 911 (table) (Fed. Cir. 2000); *see also Cotopaxi Custom Des. & Mfg, LLC v. Corp. Edge, Inc.*, No. 06-5183, 2007 WL 2908265, at *3 (D.N.J., Oct. 1, 2007) (dismissing design patent infringement claim on a motion to dismiss); *Kellman v. Coca-Cola Co.*, 280 F.Supp.2d 670 (E.D. Mich. 2003) (same).

7

'substantially the same' to the ordinary observer.'" *Competitive Edge*, 763 F.Supp.2d at 1011 (citing *Egyptian Goddess*, 543 F.3d at 678). This is the case here. A side-by-side comparison of the Figures of the '611 Patent with the design of the accused Poise® Hourglass™ Pad plainly demonstrates that the two designs, taken as a whole, create overall visual impressions that would appear plainly dissimilar to the ordinary observer.[5] *See Competitive Edge*, 763 F.Supp.2d at 1011 (using a side-by-side comparison as a tool to determining infringement).

For example, the ordinary observer would immediately determine that the sharp edges in the patented design are plainly dissimilar from the substantially rounded end portions of the Poise® Hourglass™ Pad:

     

Accused Poise® Hourglass™ Pad                Figure 1 of the '611 Patent

As shown above, one end of the accused Poise® Hourglass™ Pad has a rounded fan-shaped configuration and the other end is shaped like the top of a heart. Conversely, the '611 Patent discloses ends that are both flat and have sharp edges. *See, e.g., Richardson*, 597 F.3d at 1295-96 (products found plainly dissimilar because "the accused products clearly have a more rounded appearance and fewer blunt edges than the patented design.").

---

[5] For the convenience of the Court, attached hereto as *Exhibit F* is a side-by-side comparison of the accused Poise® Hourglass™ Pad with the Figures disclosed in the '611 Patent.

The hourglass shape and the "I" shaped configuration of the "adhesive strips" disclosed in Figure 2 of the '611 Patent are also absent on the corresponding side of the Poise® Hourglass™ Pad. As shown below, due to the leak shields, the ornamental appearance of the adhesive side of the accused Poise® Hourglass™ Pad does not reveal the hourglass shape. It also has six longitudinal parallel adhesive strips and includes no horizontal adhesive strips, much less horizontal strips having tapered ends:

  

Accused Poise® Hourglass™ Pad                Figure 2 of the '611 Patent

Finally, as shown below, the ornamental appearance of the thickness of the "Sanitary Napkin" disclosed in the '611 Patent (thin, rigid and flat) is much different than the supple thickness of the accused Poise® Hourglass™ Pad. *See Durling v. Spectrum Furniture Co.*, 101 F.3d 100, 104-05 (Fed. Cir. 1996) (the scope of the claimed design encompasses "its visual appearance as a whole," and in particular "the visual impression it creates."):

  

Accused Poise® Hourglass™ Pad                Figure 3 of the '611 Patent

9

Considering all of these distinctions together in the context of the overall ornamental design, no reasonable jury could find that Plaintiff could meet its burden of showing that an ordinary observer would believe the accused design to be the same as the patented design, or even a colorable imitation of the patented design. *See Competitive Edge*, 763 F.Supp.2d at 1011-12.

When the patented design and the accused design are plainly dissimilar, there is no need to look to the prior art, because two designs may be "sufficiently distinct that it will be clear *without more* that the patentee has not met its burden." *Egyptian Goddess*, 543 F.3d at 678 (emphasis added); *see also Competitive Edge*, 763 F.Supp.2d at 1011. Accordingly, because the design claimed in the '611 Patent and the accused Poise® Hourglass™ Pad design are sufficiently distinct, no comparison with the prior art is necessary. *See, e.g., Competitive Edge*, 763 F.Supp.2d at 1011. The Court should therefore find that the accused design cannot infringe the '611 Patent and Defendant's Motion to Dismiss should be granted on this basis alone.

### D. Even If The Two Designs Are Not Plainly Dissimilar, An Ordinary Observer Conversant With The Prior Art Would Not Be Deceived Into Believing The Accused Pad Is The Same As The Patented Napkin

When the claimed and accused designs are not plainly dissimilar, "resolution of the question whether the ordinary observer would consider the two designs to be substantially the same will benefit from a comparison of the claimed and accused designs with the prior art." *Egyptian Goddess*, 543 F.3d at 678. Where there are many examples of similar prior art designs, as in this case, differences between the claimed and accused designs that might not be noticeable in the abstract can become significant to the hypothetical ordinary observer who is conversant with the prior art. *Id.* The question for the Court under this standard is whether an ordinary observer, familiar with the prior art designs, would be deceived into believing the Poise®

Hourglass™ Pad is the same as the sanitary napkin disclosed in the '611 Patent. *See, e.g., id.* at 681.

The face of the '611 Patent lists sixteen (16) prior art "References Cited." *See Exhibit A*.[6] These prior art references disclose a wide range of design configurations. For example, as shown in the six (6) prior art references below, a prevalent prior art design incorporates an hourglass configuration:[7]


U.S. Patent No. 3,815,602
(*Exhibit H*)


U.S. Patent No. 4,036,234
(*Exhibit I*)


U.S. Patent No. 4,643,726
(*Exhibit J*)


U.S. Des. Patent No.
345,604
(*Exhibit K*)


U.S. Des. Patent No.
500,131
(*Exhibit L*)


U.S. Des. Patent No.
560,802
(*Exhibit M*)

---

[6] It is indisputable that the '611 Patent and the prior art references cited therein are central to Plaintiff's claim for relief. *See, e.g., Venture*, 987 F.2d at 431. Thus, the Court can properly consider these publicly available prior art references when considering dismissal pursuant to Fed. R. Civ. P. 12(b)(6). *See, e.g., Pugh v. Tribune Co.*, 521 F.3d 686, 691, n.2 (7th Cir. 2008) (court could take judicial notice of documents in public record, including publicly reported stock prices, without converting motion to dismiss into motion for summary judgment).

[7] For the convenience of the Court, attached hereto as *Exhibit G* is a larger version of the table illustrating the prevalence of the hourglass design in the prior art.

11

Clearly, the basic hourglass design is well known to an ordinary observer. In fact, the general hourglass configuration is functional, not ornamental. *See, e.g., U.S. Pat. No. 3,815,602*, Col. 2:23-25 ("The concave lateral edges of the diaper 20 and 20' afford a better fit [and] the edges may be cut in various shapes"); *U.S. Pat. No. 4,026,234*, Col. 3:16-21 ("when the diaper supplement is formed like the section of a concave lens, that is, it is formed substantially oblong with the middle portion depressed, it matches the grain contour and there is no likelihood of the legs being abraded or irritated by the diaper supplement."). For example, the Poise® Hourglass™ Pad packaging highlights the hourglass shape, touting that the "contour shape fits your unique figure without removing absorbency." *Exhibit N*. Because the scope of a design patent is limited to ornamental aspects alone and does not extend to any functional elements of the claimed article, the hourglass shape of the accused Poise® Pad alone cannot be the basis for infringement of the '611 Patent. *See, e.g., OddzOn*, 122 F.2d at 1405 (citing *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 825 (Fed. Cir. 1992) ("The patentee 'must establish that an ordinary person would be deceived by reason of the common features in the claimed and accused designs which are ornamental.'"); *Richardson*, 597 F.3d at 1294 ("scope is limited to [ornamental] aspects alone and does not extend to any functional elements of the claimed article.").[8]

Several prior art references disclose designs closely resembling the '611 patented design. For example, U.S. Design Patent No. D500,131 entitled "Body Adhering Sanitary Napkin" (*Exhibit L*) discloses a design strikingly similar to the patented design:

---

[8] Importantly, it is proper to factor out the functional aspects of various design elements, and discounting the functional hourglass element here does not convert the overall infringement test to an element-by-element comparison. *See Amini Innovation Corp. v. Anthony Cal., Inc.*, 439 F.3d 1365, 1372 (Fed. Cir. 2006).



FIG. 1          FIG. 2

As demonstrated below, the only apparent differences between this prior art design and the design disclosed in the '611 Patent are the distinct sharpness of the edges prevalent in the '611 Patent, the hourglass layer of the "dots" disclosed in Figures 1 and 3 of the '611 Patent, and the "I" shaped adhesive strip configuration shown in Figure 2 of the '611 Patent:

 

U.S. Des. Patent No. 589,611          U.S. Des. Patent No. 500,131

 

U.S. Des. Patent No. 589,611          U.S. Des. Patent No. 500,131

Given the substantial similarities with the prior art, an ordinary observer familiar with this art would understand that the design disclosed in the '611 Patent covers a narrow range of sanitary napkins and thus would not be deceived into believing that the radically different design of the Poise® Hourglass™ Pad is the same as the design disclosed in the '611 Patent.

13

Furthermore, on the other end of the prior art spectrum, U.S. Patent No. 4,643,726 ("the '726 Patent") discloses an "hourglass-shaped" sanitary pad:



Comparing the design disclosed in the '726 Patent with the accused Poise® Hourglass™ Pad, it is clear that, although the '726 Patent fails to disclose the rounded fan-shaped top end and a bottom end shaped like the top of a heart, the accused product is much closer to the spectrum of prior art designs that the '726 Patent falls within than to the design disclosed in the '611 Patent and the spectrum of prior art that that design falls within:

 

Accused Poise® Hourglass™ Pad          Figure 2 of the '726 Patent

In light of the relative similarity of the '726 Patent to the accused Poise® Hourglass™ Pad, and the striking resemblance between the prior art (*e.g.,* the '131 Patent) and the patented design, the Court should conclude that no reasonable fact-finder could find that Plaintiff could meet her

burden of showing, by a preponderance of the evidence, that an ordinary observer, taking into account the prior art, would believe the accused design to be the same as the patented design.

## III.     CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a plausible claim upon which relief may be granted.

Dated:  October 21, 2011

                                      **BRYAN CAVE LLP**

                                      By: */s/ Andrew C. Warnecke*
                                      Kara E. F. Cenar, IL Bar No. 6198864
                                      Andrew C. Warnecke, IL Bar No. 6238321
                                      Joshua J. Heidelman, IL Bar No. 6286374
                                      Bryan Cave LLP
                                      161 North Clark Street, Suite 4300
                                      Chicago, Illinois 60601
                                      Telephone: (312) 602-5000
                                      Facsimile: (312) 602-5050

                                      *Attorneys for Defendant*
                                      *Kimberly-Clark Corporation*