IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | ) | |
|---|---|---|
| TONYA M. PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 11 C 5658 |
| | ) | |
| KIMBERLY-CLARK CORPORATION, | ) | Judge Virginia M. Kendall |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tonya M. Parker holds design patent D589,611 (the "'611 Patent") for the design of a sanitary napkin. Parker sued Kimberly-Clark Corporation, claiming that its Poise Hourglass Pad infringes her '611 patent. Kimberly-Clark asks this Court to dismiss Parker's case for failure to state a plausible claim upon which relief may be granted. For the reasons stated below, Kimberly-Clark's motion is granted and Parker's claim is dismissed.

**I. Background**

Parker received a design patent from the U.S. Patent Office for the design of an hourglass shaped sanitary napkin around February 3, 2010. During the process of applying and eventually obtaining the patent, Parker communicated with Kimberly-Clark about acquiring a licence to manufacture her pad. Kimberly-Clark is in the business of manufacturing sanitary napkins, among a variety of other products. The discussions between Parker and Kimberly-Clark proved fruitless. On August 18, 2011, Kimberly-Clark announced that it would start making "new Poise Hourglass

Shape Pads." Kimberly-Clark now manufactures and sells its Poise Pad. Parker claims that Kimberly-Clark is illicitly using her design, which it obtained during negotiations, in making the Poise Pad and therefore that Kimberly-Clark is infringing on her patent.

## II. Standard of Review

When considering a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir.1995). To properly state a valid claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true ... 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To determine whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. If the factual allegations are well-pleaded, the Court assumes their veracity and then turns to determine whether they plausibly give rise to an entitlement to relief. *Id.* A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Id.* at 1949. Furthermore, "*Twombly* teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." *Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009).

**III. Discussion**

  *A. The Ordinary Observer Test*

  A design patent is issued by the Patent Office pursuant to 35 U.S.C. § 171 for any new, original and ornamental design. In evaluating design patent infringement the test is "whether an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design was the same as the patented design." *Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F.3d 665, 672 (Fed. Cir. 2008); *see also Competitive Edge, Inc. v. Staples, Inc.,* 763 F.Supp.2d 997, 1011 (N.D. Ill. 2010). Infringement will only be found when an article copies the patented design or is "a colorable imitation thereof." *Egyptian Goddess*, 543 F.3d at 678. Under the ordinary observer test, if a reasonable person would find the two designs to be sufficiently dissimilar then no cause of action for infringement may lie. Due to the difficulty of describing a design in words, it is preferable in design claims cases to not attempt verbal descriptions of the claimed designs. *See Id.* at 679. Therefore, the Court will use pictures supplied by the parties in conducting its analysis. Although Parker did not supply the court with the '611 Patent or photographs of it in her Complaint, it is clear that the '611 Patent and the Poise Pad are central to her claims. The Court will therefore rely on picturers of the Poise Pad and of the '611 Patent that are not contested by the parties and that were furnished to the Court by the parties.

  The two images below display the Poise Hourglass Pad on the left and the '611 Patent pad on the right:

3

    

Poise Hourglass Pad                Figure 1 of the '611 Patent

This side-by- side comparison illustrates several differences that an ordinary observer would notice as between the two napkins. The '611 Patent pad is flat at its ends, with extremely sharp edges at both sides. By contrast the Poise Hourglass Pad has a rounded end on one side and a heart shaped end on the other. In *Richardson v. Stanley Works* the Federal Circuit found that there was no infringement of a patentee's carpentry tools because "[o]verall, the accused products clearly have a more rounded appearance and fewer blunt edges than the patented design." *Richardson v. Stanley Works,* 597 F.3d 1288, 1295 (Fed. Cir. 2010). The same conclusion applies here, where the accused Pad is much more rounded than the sharp-edged patented pad. The following images show the two designs from the other side:


 

Poise Hourglass Pad          Figure 2 of the '611 Patent

Viewed from this side, even more differences are readily apparent to an ordinary observer. First, the Poise Pad does not have an hourglass shape on the back. This is a result of the leak shield, which is not found on the '611 Patent pad. On the other hand, the '611 Patent pad has an "I" shaped adhesive strip, and horizontal adhesive strips. By contrast the Poise Pad has six parallel adhesive strips running longways down the pad. The following images show a 3-dimensional perspective of the pads.



Poise Hourglass Pad          Figure 3 of the '611 Patent

From this perspective still further differences between the two designs emerge to the ordinary observer. The '611 Patent pad is very flat and thin, while the Poise Pad is supple and thick. The Court must consider the two products' overall designs, and not merely isolated features. *Crocs, Inc. v. ITC*, 598 F.3d 1294, 1305 (Fed. Cir. 2010). Stepping back and examining the Poise Hourglass Pad as a whole it is clear that "in the eye of the ordinary observer, giving such attention as a purchaser usually gives" there is not enough similarity to the '611 Patent pad "to deceive such an observer, inducing him to purchase one supposing it to be the other." *Egyptian Goddess*, 543 F.3d at 670 (citing *Gorham Co. v. White*, 81 U.S. 511 (1871)). The Court concludes that a reasonable observer would find the designs of the two products to be sufficiently distinct. Because the ordinary observer test is met here, there is no need to examine the prior art because the two designs are sufficiently dissimilar that no further proof is needed to show that Parker can not meet her burden. *See Egyptian Goddess*, 543 F.3d at 678; *Competitive Edge*, 763 F.Supp.2s at 1011. Nevertheless, reference to the prior art only solidifies the Court's conclusion that Parker cannot meet her burden.

B. The Prior Art

Even though the Court finds that an ordinary observer would easily distinguish the Poise Pad from the '611 Patent pad, assuming *in arguendo* that an ordinary observer would not readily conclude that the design of the Poise Pad is sufficiently dissimilar from the design of the '611 Patent, the ordinary observer conversant in the prior art would conclude that the two designs are not substantially the same. *Egyptian Goddess*, 543 F.3d at 678. The Court finds that an ordinary observer, familiar with the prior art, would not be deceived into believing that the Poise Pad is the same as the '611 Patent pad. Therefore, the Court concludes that no reasonable jury could find for Parker on her claim of infringement.

Examination of the prior art discloses patented sanitary napkins that are substantially similar in design to the '611 Patent pad. For example Patent No. 500,131 covers the design of a sanitary napkin that is strikingly similar to the design of the '611 Patent pad:

 

         Patent No. 500, 131[1]          Figure 1 of the '611 Patent

This side-by-side comparison illustrates the fact that the hourglass shape of the '611 Patent pad is known in the prior art. Indeed, the '131 Patent seems to be closer in design to the '611 Patent than does the Poise Pad. Both have straight ends and an hourglass shape. The edges of the '611 Patent appear to be sharper than those of the '131 Patent, and the '611 Patent also seems to lack the "I" shaped adhesive strips of the '611 Patent. What this comparison illustrates is the narrow range of coverage that the '611 Patent has. It is further proof that no ordinary observer would believe the Poise Pad, the design of which is substantially different from the '611 Patent pad, to be the same as the '611 Pad. Therefore, Parker cannot meet her burden of showing that an ordinary observer, familiar with the prior art, would believe that the Poise Pad is the same as the '611 Patent pad, or even a colorable imitation of it. The Court finds that the Poise Hourglass Pad does not infringe on

---

[1]The Court takes judicial notice of this publicly available prior art reference. *See Pugh v. Tribune Co.*, 521 F.3d 686, 691, n.2 (7th Cir. 2008) (court may take notice of publicly available information on a motion to dismiss without converting it into a motion for summary judgment.)

Parker's patent.

**IV  Conclusion**

      Because the Poise Hourglass Pad does not infringe on Parker's Patent, Kimberly-Clark's Motion to Dismiss is granted.

                                                                                       Virginia M. Kendall
                                                                                      United States District Court Judge
                                                                                      Northern District of Illinois

Date: January 10, 2012